FILED
United States Court of Appeals
Tenth Circuit

August 13, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS POSADA-CARDENAS,

Defendant - Appellant.

No. 14-1037
(D.C. No. 1:13-CR-00390-JLK-1)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Defendant and appellant, Carlos Posada-Cardenas, appeals the twenty-

seven-month sentence imposed upon him following his guilty plea to illegal

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

reentry into the United States after a prior deportation following a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1). For the following reasons, we affirm that sentence as reasonable.

Mr. Posada-Cardenas, a Mexican citizen, was lawfully admitted into the United States in 1999, at the age of fourteen. Although Mr. Posada-Cardenas's parents became naturalized United States citizens, Mr. Posada-Cardenas never did. Following his mother's death in 2007, Mr. Posada-Cardenas apparently began abusing drugs and alcohol. That same year he was convicted of driving while ability-impaired and felony possession of a controlled substance. Mr. Posada-Cardenas was removed to Mexico on August 14, 2012. He illegally re-entered the United States in March 2013. On June 20, 2013, immigration officials encountered Mr. Posada-Cardenas while he was incarcerated in the Adams County, Colorado jail, serving a state sentence related to drug possession.

Mr. Posada-Cardenas subsequently pled guilty to one count of illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a), (b)(1). In preparation for sentencing under the United States Sentencing Commission, Guidelines Manual ("USSG"), the United States Probation Office prepared a presentence report ("PSR"), which calculated a total offense level of 10 and a criminal history category of VI, based upon multiple drug-related and other prior convictions. This yielded an advisory sentencing range of twenty-four to thirty months' imprisonment. Mr. Posada-Cardenas, who appeared at the sentencing

hearing through a Spanish-language interpreter, did not object to the Guidelines

calculation. Instead, he filed a motion for a downward variance from that

sentencing range, arguing that a twelve-month sentence would be sufficient, but

not greater than necessary, to achieve the goals of sentencing. He noted that the

instant conviction was his only immigration-related conviction, it was non-

violent, and it did "not involve any additional aggravating factors outside of the

basis for his state conviction for Possession of a Controlled Substance." Def.'s

Mot. for Variant Sentence at 3; R. Vol. 1 at 29.

At his sentencing hearing, the court listened carefully to both sides,

including Mr. Posada-Cardenas's argument for a variant sentence of twelve

months. The court ultimately rejected that argument, stating:

> [T]he . . thing that concerns me, concerns me greatly, is the fact that
> this defendant chose an increasing degree of seriousness to the
> charges, and a . . . developing propensity for violence, which is
> demonstrated at the time of his arrest and his resistance to the arrest.
>
> But we're not talking about a person that is in possession of
> drugs for their own use. One of these offenses involved a kilogram .
> . . of cocaine.
>
> I'm very concerned because this is the . . . fourth felony
> conviction for this defendant. There's three prior convictions. I'm
> also concerned, and very distressed, that the state criminal defense
> system manages to have somebody with three felony convictions and
> yet, looking at the record, in addition to that there are violations of
> probation, he's never once successfully completed any program.

Tr. of Sentencing Hr'g at 9; R. Vol. 1 at 117. The district court then made the

remark which is the focus of this appeal, when it stated, "[a]nd I'm further

-3-

distressed that for the amount of time he's been in this country, he's never even bothered to try to learn English, or if he has, he hasn't done it enough that he doesn't need an interpreter today." Id. The court continued:

> That shows no effort to adjust to the – or comply with the laws or the customs of this country. It shows an increasing dependency upon drugs, it shows a developing resort to violence, and I don't believe that there's any justification for a downward departure, or for a variance in this case.

Id. The court then stated it found "no reason to depart from the sentencing guideline recommendation," and sentenced Mr. Posada-Cardenas to twenty-seven months' imprisonment, "to be served consecutively and not concurrently with the sentence now being served in the state of Colorado." Id. at 25-26. This appeal followed.

Mr. Posada-Cardenas argues his sentence is substantively unreasonable because the district court relied on an improper reason for denying his motion for a downward variant sentence in that it relied upon Mr. Posada-Cardenas's failure to learn English. This, he claims, is merely a guise for improperly considering his ethnicity and country of origin.

We review a sentence "for reasonableness under an abuse-of-discretion standard." Peugh v. United States, 133 S. Ct. 2072, 2080 (2013). "Reasonableness review is a two-step process comprising a procedural and a substantive component." United States v. Verdin-Garcia, 516 F.3d 884, 895 (10th Cir. 2008). "Procedural reasonableness involves using the proper method to

-4-

calculate the sentence. Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007) (citation omitted).[1] More particularly, "[a] sentence is procedurally unreasonable if the district court incorrectly calculated or fails to calculate the Guidelines sentence, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, relies on clearly erroneous facts, or inadequately

---

[1]An initial possible question in this case is whether we should review the claimed error as a procedural error or a substantive error. Our court has found that consideration of an improper or irrelevant factor may be a procedural error. See, e.g., United States v. Lente, 647 F.3d 1021, 1031 (10th Cir. 2011); United States v. Wittig, 528 F.3d 1280, 1284-85 (10th Cir. 2008). On the other hand, as Mr. Posada-Cardenas urges, one could argue that our decision in United States v. Smart, 518 F.3d 800 (10th Cir. 2008), supports the view that the district court's consideration of Mr. Posada-Cardenas's language skills was a substantive error, akin to the consideration of a defendant's race in selecting a sentence. Mr. Posada-Cardenas did not object contemporaneously to the district court's comments about his English language ability. Thus, if those comments amount to a procedural error, Mr. Posada-Cardenas may not challenge them on appeal unless he demonstrates plain error. United States v. Poe, 556 F.3d 1113, 1128 (10th Cir. 2009). By contrast, a defendant need not object at the time of sentencing to an error implicating the substantive reasonableness of a sentence. Furthermore, a sentence which is within the advisory Guidelines sentencing range is entitled to a presumption of substantive reasonableness on appeal. Our standard of review is accordingly affected by the characterization of the district court's claimed error as procedural or substantive.

We conclude that we need not resolve this conundrum because, as we explain *infra*, we would find Mr. Posada-Contreras's sentence procedurally and substantively reasonable under any standard of review. Furthermore, the government agrees that we may appropriately review this sentence under the deferential abuse–of-discretion standard, rather than the stricter plain error standard.

explains the sentence." United States v. Haley, 529 F.3d 1308, 1311 (10th Cir. 2008). "[S]ubstantive reasonableness review broadly looks to whether the district court abused its discretion in weighing permissible § 3553(a) factors in light of the totality of the circumstances." United States v. Sayad, 589 F.3d 1110, 1118 (10th Cir. 2009). Under this standard, we will "deem a sentence unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Gantt, 679 F.3d 1240, 1249 (10th Cir.), cert. denied, 133 S. Ct. 555 (2012).

Applying the deferential abuse-of-discretion standard to the question of the substantive reasonableness of the sentence in this case, as both parties concede is appropriate, we find no such abuse. It is clear from the totality of the district court's discussion at sentencing that Mr. Posada-Cardenas's failure to learn English was but one small consideration in the district court's sentencing calculus. The government "agrees with Mr. Posada-Cardenas that [the district court's] observation as to [Mr. Posada-Cardenas's] English language skills was probably unwarranted." United States Answer Br. at 3. But the government further correctly observes that nothing in the record supports the claim that this observation was a proxy for race or ethnicity.[2] Rather, the record makes it clear

_____

[2]Rather, the district court's comment seems more likely to have been a comment on the degree of Mr. Posada-Cardenas's cultural assimilation, which may be a consideration in determining the propriety of a departure. See USSG § 2L1.2 cmt.n.8. See United States v. Galarza-Payan, 441 F.3d 885 (10th Cir.

(continued...)

that the district court was far more concerned with Mr. Posada-Cardenas's prior felony convictions, probation violations and propensity for violence.

In sum, the district court did not abuse its discretion in imposing the presumptively reasonable sentence it selected. For the foregoing reasons, we AFFIRM that sentence.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[2](...continued)
2006).